Robinson, J.
Were it not for the fact that the judgment of this court in this case would seem to be out of harmony with the recently announced judgment in the case of Bandy v. State, ante, 384, we would content ourselves with reversing this case upon the authority of State v. McCoy, 88 Ohio St., 447, in which the court declared: “An indictment charging, in separate counts, shooting with intent to kill and shooting with intent to wound includes the lesser offenses of assault and battery and assault, and upon the trial of the accused upon such an indictment the jury may find the accused not guilty of shooting with intent to kill and not guilty of shooting with intent to wound, but guilty of assault and battery or an assault only.” But in the case of Bandy v. The State, the doctrine of the McCoy case of necessity has been modified, for it will not do to apply one rule where the marksmanship of the accused happens to be good and a different rule where the marksmanship happens to be bad, and to the extent that the McCoy case indicates that it is the duty of the court in all cases where the accused stands charged with shooting with intent to wound, or shooting with intent to kill, to charge, upon the request of the accused, the lesser offenses of assault and battery and assault, it is modified to require such a charge only in cases where there is some evidence or reasonable inference tending to support the lesser degree. However, in the instant case,' the testimony of the prosecuting witness tends to support both a shooting with intent to wound and an attempt to shoot, or the handling of the gun in a menacing manner towards the prosecuting witness *442 without an actual shooting; for the prosecuting witness testifies “He was trying to point the gun again and Mrs. Windle had hold of the gun and told him not to shoot again, that he had done enough * * * and he was still trying to shoot again.”
While this evidence was competent both as a part of the res gestae and for the purpose of showing the intent of the actual shooting, it also tended to support a charge of assault distinct from the assault which was a component part of the shooting with intent, and within the rule pronounced in the case of Bandy v. State, supra, clearly made a case where it became the duty of the court in addition to charging the major offenses laid in the indictment to also charge the minor offense of assault.
The evidence as to every phase of the offenses charged in the indictment, including the lesser offenses, not specifically charged, being in sharp conflict, the jury might have disbelieved a part of the testimony of the state’s witnesses and believed another part thereof, and, had they been given the opportunity of finding the accused not guilty of the major offenses and guilty of the minor offense, might have felt justified in returning a verdict of guilty as to the minor offense only, and in such a contingency the prejudice to the accused would be apparent.
The issue having been made by the evidence, the atténtion of the court having been drawn to the issue by the request of counsel to charge, and the exception to the refusal having been saved and the prejudice being apparent, it becomes the duty of this court to reverse the judgment of the court of *443 appeals and the judgment of the court of common pleas, and to set aside the verdict of the jury.

Judgments reversed, and cause remanded.

Marshall, C. J., Johnson, Hough, Wanamaker, Jones and Matthias, JJ., concur.